IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDWIN SOLA and TERRY NICHOLAS, §
§
Plaintiffs, §
§
v. §
§
UMBRELLA SURGICAL SUPPORT, LC, § CIVIL ACTION NO. H-16-3258
ESTUARDO A. MOTA; VALTA §
INDUSTRIES, INC. d/b/a §
PROFESSIONAL SURGICAL SERVICES; §
COASTAL ASSISTANT GROUP LLC; §
and AMANDA H. WOOD, §
§
Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Edwin Sola ("Sola") and Terry Nicholas ("Nicholas") (collectively, "Plaintiffs") sued Defendants Umbrella Surgical Support, LC ("Umbrella"), Estuardo A. Mota ("Mota"), Valta Industries, Inc. ("Valta"), Coastal Assistant Group LLC ("CAG"), and Amanda H. Wood ("Wood") (collectively, "Defendants") alleging both FLSA violations and breach of contract claims. Pending before the court are Defendants Umbrella Surgical Support, LC, Valta Industries, Inc. and Estuardo A. Mota's Motion for Partial Summary Judgment as to Plaintiff's FLSA Claims ("Umbrella, Valta, and Mota's MPSJ") (Docket Entry No. 49) and Defendants Coastal Assistant Group LLC and Amanda H. Wood's Motion for Partial Summary Judgment ("CAG and Wood's MPSJ") (Docket Entry No. 48). For the reasons stated below, both motions will be granted.

I. **Factual Background**[1]

Plaintiffs' claims originate from their employers' alleged failure to properly compensate them. Plaintiffs Sola and Nicholas claim that they worked for Defendants as surgical assistants.[2] Plaintiffs were both salaried employees who were paid at a fixed rate regardless of the hours they worked. Umbrella, Valta, and CAG are involved in the business of employing surgical assistants to assist doctors during surgical procedures. The entities appear to work together to provide the services of their surgical assistants to hospitals and doctors. Mota is the owner of both Umbrella and Valta.[3] Wood is the president of and a member of CAG.[4]

---

[1]See, generally, Plaintiffs' First Amended Complaint, Docket Entry No. 4.

[2]There is a dispute among the parties as to which Defendants employed Sola and Nicholas. Sola and Nicholas argue that they were employed by all of the Defendants. See Plaintiffs' First Amended Complaint, Docket Entry No. 4, pp. 5-9. CAG argues in its Motion for Partial Summary Judgment that it did not have an employment contract with Sola. See CAG and Wood's MPSJ, Docket Entry No. 48, p. 3. CAG also argues that while it may have had an employment contract with Nicholas, Nicholas did not perform any services for CAG in 2016, when the alleged nonpayment occurred. See id. Wood argues that she was not the employer of either Sola or Nicholas under the FLSA and that she did not have an employment contract with Sola or Nicholas in her individual capacity. See id. at 4-5. In his affidavit, Mota states that Plaintiffs did not provide services to Valta or Mota individually. See Affidavit of Estuardo Mota ("Mota Affidavit"), Exhibit 3 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-3, p. 1. Umbrella also disputes that it was Plaintiffs' employer. See Defendant Umbrella Surgical Support LC's Answer to First Amended Complaint, Docket Entry No. 22, p. 45.

[3]See Mota Affidavit, Exhibit 3 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-3, p. 1.

[4]See Declaration of Amanda Wood, Exhibit 5 to CAG and Wood's MPSJ, Docket Entry No. 48-5, p. 1.

Plaintiffs' Amended Complaint alleges that while they were employed by Defendants they regularly worked over 40 hours each week and Defendants failed to pay them overtime as required by the Fair Labor Standards Act ("FLSA").[5] Plaintiffs also allege that Defendants breached their employment contracts with Plaintiffs by failing to compensate them during the last several weeks of their employment.[6]

Defendants argue that they are entitled to summary judgment on Plaintiffs' FLSA claims because Plaintiffs have no evidence that they worked over 40 hours in any given week, proof of which is required for recovery of FLSA overtime. CAG and Wood also seek summary judgment on Plaintiffs' breach of contract claims.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510

---

[5] Plaintiffs claim that they were compensated for overtime at a rate of $50 per hour, an amount less than the FLSA requirement of 1.5 times their hourly rate.

[6] Sola alleges that Defendants failed to compensate him for the last 6 weeks of his employment. Nicholas alleges that Defendants failed to compensate him for the last 5 weeks of his employment. See Plaintiffs' First Amended Complaint, Docket Entry No. 4, pp. 10-11.

(1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-554).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## III. <u>Analysis</u>

Defendants argue that they are entitled to summary judgment on Plaintiffs' FLSA claims because Plaintiffs cannot carry their burden to prove either that overtime work was performed or the extent of such work. Plaintiffs argue that summary judgment is not warranted because they have presented sufficient evidence that they worked over 40 hours per week.

CAG and Wood also argue that they are entitled to summary judgment on Plaintiffs' breach of contract claims against them. Wood argues that she did not have a contract with either Sola or Nicholas. CAG argues that it did not have a contract with Sola. While CAG admits that it had a contract with Nicholas, CAG claims that Nicholas performed no work for CAG during the period in dispute. In response, Plaintiffs argue only that they performed services for Defendants and that summary judgment should not be granted on their breach of contract claims against Wood and CAG.

### A. FLSA Claims

Under the FLSA "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Defendants argue that they are entitled to summary judgment on Plaintiffs' FLSA claims because Plaintiffs have no evidence that

they worked over 40 hours in any given week. Wood also argues in the alternative that she was not Plaintiffs' employer under the FLSA and, therefore, cannot be held liable under the FLSA. Plaintiffs argue that while the parties did not keep precise records, other documents (such as paychecks, case logs, and on-call schedules) prove that they worked overtime hours.

The parties dispute the meaning of "overtime." The Plaintiffs were often paid "overtime" compensation by Defendants even though their time sheets show that they did not work over 40 hours during those weeks. For overtime to be compensable under the FLSA, the total hours worked in one week must exceed 40 hours. The FLSA does not recognize a cause of action for employees to recover under an employer's policy to pay overtime under different or less stringent requirements than those imposed by the FLSA.

The parties also disagree as to whether Plaintiffs' "on-call time" constitutes hours worked for purposes of calculating overtime. On-call hours do not necessarily equal hours worked. See Bright v. Houston Northwest Medical Center Survivor, Inc., 934 F.2d 671, 674-75 (5th Cir. 1991). To determine whether on-call time is working time, the court must determine whether the employee was "engaged to wait" or "waiting to be engaged." Skidmore v. Swift & Co., 65 S. Ct. 161, 163 (1944). "Whether on-call time is compensable working time depends upon the working agreements between the parties governing on-call work and the degree to which the employee is permitted or free to engage in personal activities

during periods of idleness when he is subject to call." DePriest v. River West LP, 187 F. App'x 403, 404-05 (5th Cir. 2006). "Under the FLSA, an on-call employee is not entitled to 'have substantially the same flexibility or freedom as he would if not on call,' and is not entitled to payment for on-call time if he is able to use it effectively for personal purposes, such as eating, sleeping, watching television, or engaging in other recreational activity." DePriest, 187 F. App'x at 405 (quoting Bright, 934 F.2d at 676-78).

Sola and Nicholas's service agreements provided that their "on-call" hours were from 6:30 AM to 3:30 PM.[7] Plaintiffs argue that because their on-call time each week totaled 40 hours or more, any hours worked outside their on-call time necessarily constitute overtime hours under the FLSA. Defendants argue that Plaintiffs' on-call time does not equal hours worked for FLSA purposes because Plaintiffs testified in their depositions that they were able to use on-call time for personal purposes. Sola stated that when he was not actually working with a patient he was on "standby."[8] Sola

---

[7]See Surgical Assistant's Services Agreement (between Sola and Valta), Exhibit A to Plaintiffs Edwin Sola's and Terry Nicholas's Response to Defendants Coastal Assistant Group LLC's and Amanda H. Wood's Motion for Partial Summary Judgment ("Plaintiffs' Response to CAG and Wood's MPSJ"), Docket Entry No. 51-2, p. 1; Surgical Assistant's Services Agreement (between Nicholas, CAG, and Valta), Exhibit B to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-3, p. 1.

[8]See Deposition of Edwin Sola ("Sola Deposition"), Exhibit 1 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-1, p. 72:10-19.

testified that during this standby time he would drive around and listen to audio books, take breaks in the doctor's lounge, and sometimes go to the gym.⁹ Nicholas acknowledged that at times during his on-call hours he was "at home helping [his] kids with homework, cooking dinner, being with [his] family, [or] going to church."¹⁰ Because Plaintiffs were able to freely engage in personal activities during on-call time while they were not actually working, not all of Plaintiffs' on-call hours constitute compensable working time for FLSA purposes. Therefore, not all hours worked by Plaintiffs outside of their on-call time are overtime hours compensable under the FLSA.

To recover for unpaid overtime under the FLSA when accurate time records are unavailable -- which Plaintiffs claim is the case here¹¹ -- the employee must (1) prove that he has performed work for which he was improperly compensated and (2) produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Kirk v. Invesco, Ltd., 700 F. App'x 334, 336 (5th Cir. 2017) (citing Anderson v. Mount Clemens Pottery Co., 66 S. Ct. 1187, 1192 (1946)). To raise a just and reasonable inference as to the amount and extent of the work performed, the

---

⁹See id. at 92:9-11, 106:13-18.

¹⁰See Deposition of Terry Nicholas ("Nicholas Deposition"), Exhibit 2 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-2, p. 69:14-16.

¹¹See Plaintiffs Edwin Sola's and Terry Nicholas's Response to Defendants Umbrella Surgical Support, LC's, Valta Industries, Inc.'s, and Estuardo Mota's Motion for Partial Summary Judgment, Docket Entry No. 52, p. 2.

employee need not prove "the precise extent of the uncompensated work." Id. at 336-37. "But an employee must provide more than mere unsubstantiated assertions." Id. at 337 (internal quotations omitted).

In Invesco the plaintiff alleged that her employer violated the FLSA by failing to compensate her for overtime. Id. at 335-36. The plaintiff argued that even though accurate records were unavailable, she had evidence that she worked over 40 hours per week. Id. This evidence included her own testimony that she worked more than 60 hours per week; work emails sent before, during, and after business hours; GPS phone records showing days where she stayed at work for more than 11-13 hours; and the testimony of her mother and a colleague that she worked on weekends and in the evenings. Id. at 335. After evaluating the evidence, the Fifth Circuit concluded that the district court was correct to grant summary judgment for the plaintiff's employer. Id. at 337. The court noted that the plaintiff's own testimony and evidence of "sporadic instances" during which she worked outside of typical work hours, coupled with the plaintiff's admission that her work schedule was varied, was insufficient to raise a just and reasonable inference that she worked overtime.

Like the plaintiff in Invesco, Plaintiffs admit that their schedules varied based on the patients they worked with on any given day.[12] Nicholas testified that he could not estimate the

---

[12]See Sola Deposition, Exhibit 1 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-1, p. 92:12.

-9-

hours he worked in a given week.[13] The only evidence to substantiate Plaintiffs' overtime claims are time logs[14] and checks, neither of which prove that Plaintiffs worked over 40 hours in any given week. Plaintiffs argue that their time sheets prove they worked overtime because both Plaintiffs logged "overtime" hours. However, the fact that Plaintiffs were paid "overtime" as defined by their employer does not mean that the Plaintiffs worked overtime hours for purposes of the FLSA, which requires overtime compensation under its requirements only when the employee works in excess of 40 hours in a week.

Plaintiffs have failed to provide the court with any evidence, other than their own testimony, that they worked over 40 hours in any given week for any of the Defendants. Plaintiffs' uncorroborated testimony does not raise an issue of material fact that they worked overtime; nor does it raise a just and reasonable inference as to the amount and extent of the alleged overtime hours. The court need not decide whether Wood is an employer for FLSA purposes because there are no genuine issues of material fact

---

[13]See Nicholas Deposition, Exhibit 2 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-2, pp. 68:4-69:16.

[14]Defendants submitted Plaintiffs' time logs detailing the procedures they worked, the doctors they worked for, and how much time they spent on each procedure. See 2016 Time Records for Nicholas, Exhibit 4 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-4; 2016 Time Records for Sola, Exhibit 5 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-5. Defendants also submitted personal logs kept by Nicholas as to additional procedures worked. See Nicholas's Book, Exhibit 6 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-6. Even with the addition of time logged in Nicholas's personal book, there is no evidence that Plaintiffs worked over 40 hours in any given week.

regarding Plaintiffs' FLSA claims against Defendants. Defendants' motions for summary judgment on Plaintiffs' FLSA claims will therefore be granted.

B.  Breach of Contract Claims

Plaintiffs' Amended Complaint also asserts breach of contract claims against all Defendants. Defendants Mota, Valta, and Umbrella did not move for summary judgment on Plaintiffs' breach of contract claims. Defendants CAG and Wood argue that they are entitled to summary judgment on Plaintiffs' breach of contract claims for unpaid wages because there is no evidence that there was a contract between Sola and CAG or Wood, no evidence that there was a contract between Nicholas and Wood, and no performance was provided by Nicholas to CAG during the period in which Nicholas claims he was not paid. Plaintiffs argue that Nicholas had a contract with CAG and that CAG breached the contract by failing to properly compensate Nicholas. Plaintiffs also argue that both Sola and Nicholas worked for CAG and Wood in 2016.

Under Texas law the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009).

Plaintiffs have presented two written contracts in response to CAG and Wood's motion. The first contract is between Sola and

Valta.[15] The second contract is between Nicholas, CAG, and Valta.[16] Wood is not a party to either of these agreements. Plaintiffs do not argue the existence of any other contracts that would entitle them to recovery (either oral or written). Plaintiffs also do not argue quasi-contractual theories of relief or unjust enrichment.[17]

Plaintiffs have presented no evidence that they had contracts with Wood in her individual capacity. Plaintiffs merely make the conclusory statement that they "worked for Defendants" during the duration of their employment. Merely because Plaintiffs performed services for an entity that Wood manages does not mean that Plaintiffs had a contract with Wood in her individual capacity. There are no genuine disputes of material fact as to the first element of Plaintiffs' breach of contract claims against Wood because Plaintiffs have no evidence that a valid contract existed between Sola or Nicholas and Wood.

---

[15]See Surgical Assistant's Services Agreement, Exhibit A to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-2, p. 1.

[16]See Surgical Assistant's Services Agreement, Exhibit B to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-3, p. 1.

[17]A quasi-contract is not a true contract, but rather a legal obligation imposed for equitable reasons to prevent a party from obtaining an undue advantage. See Fortune Production Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000). Unjust enrichment is not an independent cause of action, but rather characterizes the result of a failure to compensate for benefits wrongfully received under circumstances giving rise to a quasi-contractual obligation to repay. Walker v. Cotter Properties, Inc., 181 S.W.3d 895, 900 (Tex. App. -- Dallas 2006, no pet. hist.).

Plaintiffs have also failed to present the court with any evidence that there was a contract between Sola and CAG. Plaintiffs do not base their arguments on an oral or written contract between Sola and CAG. Plaintiffs only allege that Sola performed work for CAG. Merely because Sola performed services for CAG and received compensation from CAG during his period of employment with some or all of Defendants does not mean that Sola had a contract with CAG. There is no genuine dispute of material fact as to the first element of Sola's breach of contract claim against CAG because there is no evidence of a valid contract between Sola and CAG.

Nicholas did have a contract with Valta and CAG, but Plaintiffs have failed to present the court with evidence sufficient to raise a genuine dispute of material fact as to whether Nicholas performed work for CAG in 2016 that CAG failed to compensate him for. CAG paid Nicholas for his services by check through 2015.[18] The evidence reflects that Nicholas was paid by Lincoln Surgical Support LLC and Umbrella Surgical Support LC in 2016, but not by CAG.[19] Nicholas alleges that CAG failed to pay him for the last five weeks of his employment in 2016.[20] Plaintiffs

---

[18]See Nicholas's Paychecks, Exhibit H to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-9, pp. 5-13, 15-63, 65-115.

[19]See Nicholas's Paychecks, Exhibit H to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-9.

[20]See Plaintiffs' First Amended Complaint, Docket Entry No. 4, p. 11 (arguing that Defendants (including CAG) failed to pay
(continued...)

fail to explain, however, how those five weeks differ from the rest of 2016, during which there is no evidence that CAG paid Nicholas any compensation. CAG is entitled to summary judgment on this claim because there is no evidence that Nicholas performed services for CAG in 2016 or that CAG breached a contract with Nicholas by failing to pay him during the disputed five weeks.

Although issues remain as to whether Plaintiffs were improperly compensated during the last weeks of their employment,[21] this issue alone does not mean that Plaintiffs have a cognizable breach of contract claim against Wood or CAG.

There is no evidence of a contract between Sola and Wood or CAG; or between Nicholas and Wood. While there was a contract between Nicholas and CAG, there is insufficient evidence to create a genuine dispute of material fact as to whether Nicholas performed services for CAG in 2016 for which CAG failed to compensate him. For these reasons, summary judgment will be granted on Plaintiffs' breach of contract claims against CAG and Wood.

---

[20](...continued)
Nicholas for the last five weeks of his employment and failing to argue that CAG did not compensate Nicholas during the rest of 2016).

[21]Compare 2016 Time Records for Nicholas, Exhibit 4 to Umbrella, Valta, and Mota's MPSJ, Docket Entry No. 49-1, with Nicholas's Paychecks, Exhibit H to Plaintiffs' Response to CAG and Wood's MPSJ, Docket Entry No. 51-9 (showing time Nicholas logged with Umbrella through September 2016 and paychecks Nicholas received from Umbrella through August 2016).

## IV. Conclusion

For the reasons stated above, Defendants Umbrella Surgical Support, LC, Valta Industries, Inc. and Estuardo Mota's Motion for Partial Summary Judgment as to Plaintiffs' FLSA Claims (Docket Entry No. 49) and Defendants Coastal Assistant Group LLC and Amanda H. Wood's Motion for Partial Summary Judgment (Docket Entry No. 48) are **GRANTED**.

The joint pretrial order will be filed by November 2, 2018. Docket call will be on November 9, 2018, at 3:00 p.m., in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this 18th day of October, 2018.

```
                    SIM LAKE
           UNITED STATES DISTRICT JUDGE
```